**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS WILLIAM HARSH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65060

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Thomas William Harsh's motion for a new trial. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Harsh contends that the district court erred by denying his motion for a new trial based on newly discovered evidence. Harsh was convicted of possession of a stolen vehicle and burglary tools and subsequently sought a new trial based on bankruptcy documents in which the victim declared that she did not own a vehicle.

A district court may grant a new trial based on newly discovered evidence if the motion is made within two years of the verdict or finding of guilt. NRS 176.515(3). To prevail on a claim for a new trial, the defendant must show that the evidence is

> newly discovered; material to the defense; such that even with the exercise of reasonable diligence it could not have been discovered and produced at trial; non-cumulative; such as to render a different result probable upon retrial; not only an attempt to contradict, impeach, or discredit a former witness, unless the witness is so important that a different result would be reasonably probable; and the best evidence the case admits.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37255

*Mortensen v. State*, 115 Nev. 273, 286, 986 P.2d 1105, 1114 (1999) (internal quotation marks omitted). We review the district court's decision to grant or deny a new trial for abuse of discretion. *Servin v. State*, 117 Nev. 775, 792, 32 P.3d 1277, 1289 (2001).

The record reveals that the district court reviewed the pleadings, considered the parties' arguments, and found that the bankruptcy documents were not newly discovered evidence because the victim testified about her pending bankruptcy proceedings at trial, the documents merely confirmed the victim's testimony that she did not change the registration on her car while the bankruptcy proceedings were pending, the documents were inadmissible extrinsic evidence under NRS 50.085(3), and the documents were cumulative because defense counsel thoroughly cross-examined the victim about her ownership of the car and her bankruptcy proceedings.[1] The district court further found that Harsh failed to demonstrate that the documents would be offered for something more than contradicting, impeaching, or discrediting a former witness or that the trial result would have been different if the witness was impeached with the documents. And the district court determined that Harsh failed to make a factual showing that would justify an evidentiary hearing and did not satisfy the requirements for a new trial.[2]

---

[1]Our review of the trial transcript reveals that testimony regarding the victim's bankruptcy proceedings was brought out during direct-examination but was not explored on cross-examination.

[2]During the hearing on the motion for a new trial, Harsh informed the district court that the evidentiary hearing was necessary to determine whether defense counsel could have discovered or produced the bankruptcy documents at trial with the exercise of due diligence.

Having reviewed the evidence at issue and the record before us, we conclude that the district court did not abuse its discretion by denying Harsh's request for an evidentiary hearing and motion for a new trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Douglas Smith, District Judge
    Oronoz & Ericsson
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk